UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 1 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

05 CV 1019

PRINCETON HUMMINGWAY
By Birth:  Sidi MOHAMMED
EL' HALABI EL 'KETTANI

Suite 7
3863 PROSPECT AVENUE
CULVER CITY, CA 90232
(323) 302-4459

Mailing Address:

P.O. BOX 341225
LOS ANGELES, CA 90034

     Plaintiff,

  v.

UNITED STATES OF AMERICA
("USA"),

     Defendants,

and

U.S. DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF INVESTIGATION,
U.S. ATTORNEY'S OFFICE, U.S. PROBATION
OFFICE, LORETTA S. MARTIN, TRISHA
YAMAAUCHY, RONALD C. CHAPMAN, IN
THEIR INDIVUDUAL AND OFFICIAL
CAPACITIES AS CHIEF U.S. PRBATION
OFFICERS AND PROBATION OFFICERS;
ATTACHED TO THE EXECUTIVE AND
JUDICIAL BRANCHES OF THE UNITED
STATES ( Washington, D.C. - Eastern/Central
California ), MARK L. KROTOSK JOHN K.
VENCINT, THOMAS E. FLYNN, McGREGOR
W. SCOTT, IN THEIR INDIVIDUAL AND

<u>Via U.S. Mail</u>

PETITION/REQUEST
FOR INJUNCTIVE
RELIEF AND
MANDATORY
INJUNCTIVE

MOTION FOR CHANGE
OF VENUE



OFFICIAL CAPACITIES AS U.S. ATTORNEYS
AND ASSISTANT U.S. ATTORNEYS,
ATTACHED TO THE EXECUTIVE AND
JUDICIAL BRANCHES OF THE UNIED
STATES ( Washington D.C. - Eastern/Central
California )  AND AGENTS, OFFICERS OR
EMPLOYEES OF THE UNITED STATES, WHOSE
NAMES ARE UNKNOWN AT THIS TIME,

> and Does (1-10), Inclusive . . .

PLAINTIFF, PRINCETON HUMMINGWAY, proceeding pro se and in forma pauperis with a Petition/Request for Injunctive Relief and Mandatory Injunctive pursuant to 28 U.S.C. Sec. 1331 and 42 U.S.C. Sec. 1983 and 1985.

---

On or about 12, May, 2005, Defendants United States of America ("USA"),(U.S. Department of Justice, Federal Bureau of Investigation, U.S. Attorney's Office, U.S. Probation Office), Loretta S. Martin, Trisha Yamaauchy, Ronald C. Chapman, Mark L. Krotoski, John Vincent, Thomas E. Flynn, and McGreger W. Scott, together with known and unknown Agents, Officers or Employees of the United States conspired, agreed (aided and abetted) and confederated among and between each other to violate Plaintiff's Constitutional Rights . . . They knowingly and intentionally retaliated against Plaintiff because he had filed or initiated a Civil Complaint against Defendants under Title 42 U.S.C. Sec. 1983, 1985 and 1986, and under Title 28 U.S.C. Sec. 1346, 2401(b) and 2671-2680 of the Federal Tort Claims Act ("FTCA"), and because he had filed or initiated a 'Civil Rights Action' against Defendants under 'Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 US 388, 91 SCt 1999, 29 LEd2d 619 (1971), and 28 U.S.C. Sec. 1331 and 1343(a)(3).

---

Count I alleges violation of the Plaintiff's First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments rights under 'Bivens v. six Unknown Named Agents of the Federal Bureau of Narcotics, 403 US 388, 91 SCt 1999, 29 Led2d 619 (1971), and 28 U.S.C. Sec. 1331 and 1343(a)(1-4).

Count II alleges Civil Rights violations under 42 U.S.C. Sec. 1983 and 1985(3) (Conspiracy to deprive an individual of his civil rights); and 42 U.S.C. Sec. 1986 (negligence in failing to prevent a conspiracy to deprive an individual of his civil rights).

Count III alleges a series of violations of protected rights under 28 U.S.C. Sec. 1346(b), 2401(b), and 2671-2680.

Plaintiff seeks the Court issue an order against Defendants United States of America for the various Constitutional violations that concern the conditions of his release.

Plaintiff seeks relief from the ongoing Unconstitutional Acts and other Wrongful Conduct in the form of order GRANTING 'Temporary, Preliminary and/or Permanent Injunctive Relief and Mandatory Injunctive' to Plaintiff from Defendants, and each of them, including: their Officers, Directors, Agents, Representatives, Servants, Employees, Attorneys, Successors and Assigns, and all others in 'Active or Passive' concert with Defendants, and each of them, be 'Enjoined and Restrained' from the ongoing violations of Plaintiff's Civil Rights ( e.g., Willful Fraud and Deceit, Conspiracy to Deprive Rights, Conspiracy to Commit Offense or Defraud the United States, intimidation, Threats and harassment, and the Unconscionable -- Unconstitutional Acts and other Wrongful Conduct.

## Jurisdiction and Venue

This Court is requested to exercise its power to prevent further injury to plaintiff and to act in the interest of justice. See Dalton v. Alexander , 135 NE2d 101, 10 I11 App

3

2d 273; See also in re Shaul, 30 P2d 478, 46 Wyo 549.

This Court has subject matter jurisdiction of 'Plaintiff's Claims' against Defendants' willful Acts consisting of "Wrongful Conduct and Unconstitutional Acts; with their related claims pursuant to 28 U.S.C.S Sec. 1331 and Sec. 1343(a) (1-4).

This Court has subject matter jurisdiction of 'Plaintiff's Claims against Defendants' willful acts consisting of "Wrongful Conduct and Unconstitutional Acts; with their related Claims pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 1346, 2401(b), and 2671-2680.

This Court has supplemental jurisdiction over Plaintiff's claims arising under the law of the States of Florida, Texas,, Oklahoma, California, and the District of Columbia pursuant to 28 U.S.C. Sec. 1367(a) because these claims are so related to plaintiff's claims under federal law that they are part of the same controversy and are derived from set of operative facts.

Venue should be moved from the Eastern District of California, Sacramento/Fresno Division to the District of Columbia, Because, most of the Defendants named in the **'Civil Complaint -- Civil Rights Action and the First Amended Complaint'** are either/or Federal Agents, Federal Employees, or Federal Attorneys and the Solicitor General, who accepts services for such Federal Agents, Employees, Officers, Judges and Attorneys is found there, the best location to assure an impartial court would be the District of Columbia. 28 U.S.C. Sec. 1406(a).

---

4

## Nature of the case

On 17, February, 2005, Plaintiff Princeton Hummingway filed a Civil Complaint against Defendants United States of America -- specifically, against the Department of Justice, Federal Bureau of Investigation, Federal Bureau of Prisons, The U.S. Attorney's Office in Sacramento, the Federal Public Defender Organization, the U.S. District Court for the Eastern District of California ( where Plaintiff was unjustly convicted and falsely imprisoned for more than Four-Years ), the Sacramento County Sheriff's Department in Sacramento, California ( where Plaintiff was maltreated while held in Pre-Trial detention for almost thirteen months without Bail ), the Wackenhut Corrections Corporation-Taft Correctional Institution, in Taft, California ( where Plaintiff was maltreated while held in 'Solitary Confinement' for nearly 65-days ), the Federal Medical Center, Fort Worth, Texas ( where Plaintiff was maltreated while held in 'Punitive Segregation' -- Solitary Confinement for almost Fourteen Months, and without even the basic necessities such as 'paper' ), the Federal Transfer Center, in Oklahoma City, Oklahoma, and Agents, Officers, or Employees of the United States, including "John Does" 1-180 ( representing supervisors of the above named agents and unknown Department of Justice, Bureau of Prisons, and Officials of other agencies coordinating the activities discussed in the Plaintiff's '**Civil Complaint -- Civil Rights Complaint, and Plaintiff's First Amended Complaint**' . . . .

On 17, February, 2005, Plaintiff filed a Civil Complaint under the FTCA, alleging a series of violations surrounding the conditions of his confinement.

On 4, April, 2005, Plaintiff filed a 'Civil Rights Action' under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, alleging gross violations of his

Constitutional Rights.

On 19, May 2005, the United States District Court for the District of Columbia issued a 'Memorandum Opinion dismissing the Plaintiff's Civil Complaint on the ground that the complaint did not comply with Rule 8-10 of the Federal Rules of Civil Procedure. The Court, however, GRANTD the Plaintiff's Application to proceed in forma pauperis, ( Civil Action No. 05-1019 ).

On 2, June, 2005, Plaintiff, in compliance with the Court's 19, May, 2005 Order, filed his First Amended Civil Complaint.


### Summary


On or about 12, May, 2005, and to further 'Oppress, and Injure' Plaintiff, and to "Silence' him with regard to his knowledge of government activities: ( e.g., Willful Fraud and Deceit, Fraud and Conspiracy, Conspiracy against Rights, Conspiracy to Commit Offense or Defraud the United States, and the Unconscionable -- Unconstitutional Acts and other Wrongful Conduct ), Defendants United States of America ("USA"),(U.S. Department of Justice, Federal Bureau of Investigation, U.S. Attorney's Office, U.S. Probation Office), Loratta S. Martin, Trisha Yamaauchy, Ronald C. Chapman, Mark L. Krotoski, John Vincent, Thomas E. Flynn, and McGreger W. Scott, together with known and unknown Officers, Agents or Employees of the United States conspired, agreed, (aided and abetted) and confederated among and between each other to violate Plaintiff's Constitutional Rights . . . They knowingly and intentionally retaliated against Plaintiff because he had filed or initiated a 'Civil Complaint against Defendants under Title 42 U.S.C. Sec. 1983, 1985 and 1986, and Title 28 U.S.C. Sec. 1346, 2401(b) and 2671-2680

6

of the Federal Tort Claims Act ("FTCA"), and because he had filed or initiated a 'Civil Rights Action' against Defendants under ' Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 405 US 388, 91 SCt 1999, 29 Led2d 619 (1791), and 28 U.S.C. Sec. 1331 and 1343(a)(#).

On or about 12, May, 2005, under the direction of U.S. Department of Justice, Federal Bureau of Investigation, U.S. Attorney's Office ( Eastern California – Sacramento ), U.S. Probation Office ( Eastern/Central California ), and other known and unknown Agents, Officers and Employees of the United States Government , Plaintiff Princeton Hummingway, was <u>ordered</u> by the United States District Court ( Central District of California - Probation Office ), Ronald C. Chapman, U.S. Probation Officer, to report to the U.S. Probation's Office in Studio City on  Thursday, <u>**May, 26, 2005,**</u> promptly at <u>**11:00 am**</u> for a <u>Second Drug Test.</u>

On 17. May, 2005, under the direction of U.S. Department of Justice, Federal Bureau of Investigation, U.S. Attorney's Office ( Eastern California – Sacramento ), U.S. Probation's Office ( Eastern/Central California ), and other known and unknown Agents, Officers and Employees of the United States Government, Plaintiff was <u>ordered</u> by the United States District Court ( Central District of California - Probation Office ), Ronald C. Chapman , U.S. Probation Officer, to report to the U.S. Probation Office ( located at 11827 Ventura Boulevard, Studio City, California 91604-2816 on Tuesday, <u>**May 26, 2005,**</u> promptly at <u>**11:00am**</u> for <u>DNA collection.</u>  " This is a Mandatory requirement, and Failure to Participate will be Grounds for Revocation of Supervision , . . ."

On 17, May, 2005, the Plaintiff received an Order from the United States District Court ( Central District of California - Probation Office ), which indicated that:

United States District Court, Central District of California-Probation Office
Cover Page – Mandatory DNA Collection

This is to advice you that you <u>must</u> report to the Probation Office, located at 11827 Ventura Boulevard, Studio City, California 91604-2816 on Thursday, <u>May 26, 2005,</u> promptly at <u>11:00 am</u> for <u>DNA collection.</u>

Please read the enclosed documents which will explain this requirement more fully. Sign and date these documents and bring them with you. You will also required to bring a California picture ID card or California Driver License and your Social Security Card.

This is a mandatory requirement, and failure to participate will be grounds for revocation of supervision. Also, please call the number below to confirm that you will be present.

United States District Court, Central District of California- Probation Office
DNA Collection Letter of Instruction

This letter is to advise that you are required to cooperate in the collection of DNA because you have sustained a qualifying federal or military conviction.

On October 30, 2004, the Justice for All Act of 2004 was signed into law, which provides for  enhanced DNA collection and testing. It amends Title 18, United States Code (USC), Chapter 228A, Sections 3600 ("DNA testing") and 3600A ("Preservation of biological evidence"). It also amends Title 42, USC, Section 14135a(d)(1) and Title 10, USC, Section 1565(d), to expand the list of qualifying federal and military offenses that trigger the collection of DNA samples

( to expand the list of <u>qualifying</u> federal and military offenses that
trigger the collection of DNA samples )

The Federal Bureau of Prisons (FBI) requires that DNA be obtained from blood samples, which will be drawn by a certified nurse/phlebotomist. Your fingerprints will

also be taken by a Probation Officer when your blood is drawn as part of identification process. You must provide valid picture identification (California driver's license, identification card) at your appointment.

Failure to cooperate in DNA collection is a class A Misdemeanor under 42 USC 14135a(a)(5), and is punishable by a sentence of one year in prison and fines of up to $100,000. Accordingly, pursuant to 18 USC 3563(a)(1) and (9) and 3583(d), it is a violation of the mandatory conditions of supervision requiring compliance with the law and cooperation in the collection of DNA if authorized by law, and will be promptly reported to the Court.

I have read or had read to me, the DNA Collection Letter of Instruction. I understand the requirements and agree to abide by them. I acknowledge receiving a copy of the DNA Collection Letter of Instruction and DNA Collection Appointment Notice.

### United States District Court, Central District of California-Probation Office
### DNA Reporting Instruction

You are instructed to report to the below-identified site for DNA collection on 5-26-05 at 11:00 am. You must bring valid picture identification. Failure to report as instructed is a violation of your conditions of supervision and will be reported to the Court. Copy of 17, May, 2005 ( Mandatory Requirement Letter), which consists of a Cover Letter, DNA Collection Letter of Instruction and DNA Reporting Instructions is attached hereto as Exhibits "A." Also attached as Exhibit "B & C", a copy of the Court's Amended Judgment in a Criminal case and a copy of Acknowledgment of Conditions of Probation or Supervised Release, and Receipt of Criminal Judgment.

## Discussion

The DNA Act provides for DNA Testing individuals convicted of certain serious federal felonies, See 42 U.S.C. Sec. 14135(a). The offenses are limited to more serious felonies involving 'Murder or other Illegal Homicides, See id. Sec. 14135a(d)(1)(A), Sex Crimes, See id. 14135a(d)(1)(B), offenses concerning "Peonage or Slavery," id. See 14135a(d)(1)(C), Kidnapping, id. 14135a(d)(1)(D), offenses involving Robbery or Burglary, id. Sec. 14135a(d)(1)(E),, or attempts to commit the listed offenses. Id Sec. 14135a(d)(1)(a). It appears to those serving their sentences in prison, or on probation, parol or supervised release. See id. Sec. 14135a(a). By virtue of their conviction for one or more of the listed felonies, individual subjected to the act demonstrate that they pose a special danger to society. This danger warrants the government securing an additional source of their identification through DNA fingerprinting.

------

UNITED STATES OF AMERICA

v.

SARUN COOPER,
Appellant

------

₂ Congress amended the DNA Act on October, 2004, to include all felonies as qualifying offenses under the Act. See 42 U.S.C. Sec. 14135a(d)(1) (2004), Pub. L. No. 108-405 Sec. 203(b), 116 Stat. 2260 (amending 42 U.S.C. Sec. 14135a (2000)). Cooper's crime having occurred prior to October 30, 2004, however, the amendment does not affect the disposition of Sarun Cooper's case.

Furthermore, the chapter of the United States Code which contains the DNA Act significantly is entitled "Violent Crime Control and Law Enforcement." See 42 U.S.C. ch. 136, Sec. 14135a. Because "the title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute[,]" Almendarez-Torres v. United States, 523 U.S. 224, 234 (1998)(internal quotations omitted), a chapter

title that contains the words "violent crimes control" usually signals a provision concerning violent crimes. See id.

Argued: December 14, 2004

Before: NYGAARD, RSENN, and BECKER, Circuit Judges

(Filed January 26, 2005)

_____

OPINION OF THE COURT

_____

In this appeal involving police enforcement of crime control, we are called to decide whether the DNA Analysis Backlog Elimination Act of 2000, 42 U.S.C Sec./ 14135a (2000) (the "DNA Act") requires a defendants convicted of possession of stolen bank funds in violation of 18 U.S.C. Sec. 2113(c) 1 to submit a sample of her DNA to her probation officer. The DNA Act, as enacted, required offenders of certain enumerated crimes to submit a DNA sample to the United States Probation Office for analysis and indexing in a DNA database.

Cooper, a branch teller as M&T Bank in York, Pennsylvania, purloined nearly $53,000 from the credit lines of bank customers or from fictitious lines of credit that she created for customers. On September 18, 2003, Cooper pled guilty to possession of stolen bank funds in violation of 18 U.S.C. Sec. 2113(c). As a condition of her probation, Cooper was required to submit a sample of her DNA. Cooper objected on the ground that the plain language of the DNA Act did not, in fact, cover possession of stolen bank funds.

11

The District Court overruled Cooper's objection and ordered her to submit a DNA sample in accordance with the DNA Act. Cooper timely appealed. **Because we conclude that Congress did not intend the DNA Act to encompass a person convicted of possession of stolen bank funds, the order of the District Court will be reversed.**

I.

The issue on appeal is whether possession of stolen bank funds as set forth in 18 U.S.C. Sec. 2113(c) is a qualifying offense under the DNA Act requiring Cooper to submit a DNA sample. In construing the language of the DNA Act, our review is plenary. Tavarez v. Klingensmith, 372 F.3d 188, 189 n. 2 (3d Cir. 2004) ("We exercise plenary view over issues of statutory interpretation.")

It is well settled that "[t]he first step in interpreting a statute is to determine 'whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" Valansi v. Ashcroft, 278 F.3d 203, 209 (3d Cir. 2002) (quoting Marshak v. Treadwell, 240 F.3d 184, 192 (3d Cir. 2001)(internal citations omitted)). "Where the language of the statute is clear . . . the text of the statute is the end of the matter." Steele v. Blackman, 236 F.3d 130, 133 (3d Cir. 2001). However, if the language of the statute is unclear, we attempt to discern Congress' intent using the canons of statutory construction. Ki Se Lee v. Ashcroft, 368 F.3d 218, 222 (3d Cir. 2004)(citing INS v. Cardoza-Fonseca, 480 U.S. 421, 447-48 (1987)). If the tools of statutory construction reveal Congress' intent, that ends the inquiry. Id. (citing Valansi, 278 F.3d at 208 (quoting Bell v. Reno, 218 F.3d 86, 90 (2d Cir. 2000))). If, on the other hand, we are unable to discern Congress' intent using tools of statutory construction, we generally

defer to the government agency's reasonable interpretation. Id.; See generally, Chevron, U.S.A., Inc. v. Natural Res. Def. Counsil, Inc., 467 U.S. 837, 842-43 (1984). With these precepts in mind, we turn to the language of the DNA Act itself to ascertain whether its meaning is plain and unambiguous.

### A. Plain Language of the DNA Act

The DNA Act provides in relevant part that individuals on probation who have been convicted of a "qualifying Federal offense" must submit a sample of their DNA to the United States Probation Office. 42 U.S.C. Sec. 14135a(1). Qualifying offenses are defined in subsection(d) as follows:

1) The offenses that shall be treated for purposes of this section as qualifying Federal offenses are the following offenses under Title 18, as determined by the Attorney General:

    A) Murder (as described in Sec. 1111 of such title), voluntary Manslaughter (as described in Sec. 1112 of such title), or other offense relating to homicide (as described in chapter 51 of such title, Sec. 1113, 1114, 1116, 1118, 1119, 1120, and 1121).

    B) An offense relating to sexual abuse (as described in chapter 109A of such title, Sec. 2241 through 2245), to sexual exploitation or other abuse of children (as described in chapter 110 of such title, Sec. 2251 through 2252), or to transportation for illegal sexual

---

1) 18 U.S.C. Sec. 2113(c) states in relevant p that "[w]hoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value which has been taken from bank, credit union, or savings and loan association . . . knowing the same to be property which has been stolen shall be subject to . . . punishment . . . ."

activity (as described in chapter 117 of such title, Sec. 2421, 2422, 2423, and 2425).

C)  An offense relating to peonage and slavery ( as described in chapter 77 of such title).

D)  Kidnapping (as defined in Sec. 3559(c)(2)(E) of such title).

E)  An offense involving robbery or burglary (as described in chapter 103 of such title, Sec. 2111 through 2114, 2116, and 2118 through 2119).

F)  Any violation of Sec. 1153 involving murder, manslaughter, Kidnapping, maiming, a felony offense relating to sexual abuse (as described in chapter 109 A), incest, arson, burglary, or robbery.

G)  Any attempt or conspiracy to commit any of the above offenses.

2)  In addition to the offenses described in paragraph (1), the following offenses shall be treated for purposes of this section as qualifying Federal offenses, as determined by the Attorney General:

A)  Any offense listed in Sec. 2332(b)(g)(5)(B) of Title 18).

B)  Any crime of violence (as defined in Sec. 16 of Title 18).

C)  Any attempt or conspiracy to commit any of the above offenses.

42 U.S.C. Sec. 14135a(d).    The section pertinent on this appeal, Sec. 14135a(d)(1)(E) ("subsection (E)"), lists as qualifying offenses those "involving robbery or burglary (as described in chapter 103 of such title, sections 2111 through 2114, 2116,

---

2)    Congress amended the DNA Act on October 30, 2004, to include all felonies as qualifying offenses under the Act. See 42 U.S.C. Sec. 14135a(d)(1), Pub. L. No. 108-405 Sec. 203(b), 118 Stat. 2260 (amending 42 U.S.C. Sec. 14135a (2000)). Cooper's crime having occurred prior to October 30, 2004, however, the amendment does not affect the disposition of this case

14

and 2118 through 2119)."

The Government contends that because Cooper violated 18 U.S.C. Sec. 2113(c), her crime falls within the range of statutory sections enumerated parenthetically in

subsection (E) and must therefore submit a DNA sample. Conversely, Cooper contends that subsection (E) only encompasses those offenses in the enumerated sections which involved robbery or burglary.   Because possession of stolen bank funds is legally distinguishable from both robbery and burglary, 3   Cooper urges that her crime does not "involve" robbery or burglary and therefore falls outside the statute, even though 18 U.S.C. Sec. 2113(c) technically falls within the range of sections enumerated in subsection (E). The Government persuaded the District Court to adopt its interpretation of the statute.

In view of the foregoing, we look to canons of statutory construction to inform our judgment as to the statute's meaning.  See Ki Se Lee, 368 F.3d at 222.

## B.   Canons of Statutory Construction

It is a well known canon of statutory construction that courts should construe statutory language to avoid interpretations that would render any phase superfluous. TRW Inc. v. Andrews, 534 U.S. 19, 31 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (internal quotation marks omitted).  Subsection (E) of the DNA Act contains the the quality phrase "involving robbery or burglary."  The inclusion of this phrase reflects

Congress' intent to limit offenses included within the Act to those appertaining to robbery or burglary.

Were we to adopt the Government's construction that subsection (E) encompasses any offense in the seven sections enumerated within the parenthetical, See DNA Act subsection (E) supra, the qualifying language "involving burglary or rubbery" would be rendered insignificant, if not wholly superfluous. See Duncan v. Walker, 533 U.S. 167, 174 (2001) (refusing to adopt statutory construction that would render statutory language "insignificant."). That is because the Government's construction fails to give independent effect to the specification of the specific crimes which precede the parenthetical, namely robbery and burglary. There would be no need for Congress to specify these crimes if they were subsumed within the meaning of the parenthetical. The Government's construction of subsection (E) conflicts with the logical interpretation of the statute."

If Congress had intended to include within subsection (E) every offense in the enumerated sections, it could have simply omitted the qualifying phrase "involving robbery or burglary." Because Congress chose to include it, the phrase must be given meaning if possible. See Williams v. Taylor, 529 U.S. 362, 407 (2000) ( O'Connor, J.,

---

3) The crimes of robbery and burglary contain an element of force and/or violence, which possession of stolen bank funds does not.

4) By concluding that subsection (E) encompasses only those crimes appertaining to robbery or burglary, we are in accord with the Court of Appeals for the Second Circuit. See United States v. Peterson, --, 2005 WL 39126 (2d Cir. Jan. 10, 2005) (subsection (E) only encompasses those offenses in section 2111 through 2114 that involve robbery or burglary). We acknowledge, however, that we depart from the Court of Appeals for the Seventh Circuit. See United States v. Henderson, 376 F.3d 730 (7th Cir. 2004)(deciding first that the language of the DNA Act is ambiguous, and then as a result of the ambiguity, deferring to the Government's interpretation that subsection (E) includes any offense under Sec. 2113, including subsection (b), bank larceny).

16

Concurring ) (Rather than render statutory language a nullity, "[w]e must, . . . if possible,

give meaning to every clause of the statute."). We hesitate to render statutory language

irrelevant in any context and there is no valid reason to do so here. 5 See TRW, 534 U.S.

at 31.

To be sure, "[c]anons of construction need not be conclusive and are often

countered . . . by some maxim pointing in a different direction." Circuit City Stores, Inc.

v. Adams, 532 U.S. 105, 115 (2001). The rule to avoid declaring language superfluous,

however, is in full accord with other canons of construction bearing upon the proper

construction of subsection (E).

The Whole Act Rule instructs that subsections of a statute must be interpreted in

the context of the whole enactment.    2A J. Sutherland, Statutes and Statutory

Construction Sec. 47.02, at 139 ( 5th ed., Norman Singer ed.). Because "[s]tatutory

interpretation . . . is a holistic endeavor[,] . . . . [a] provision that may seem ambiguous in

---

5) The Government asserts that excluding 18 U.S.C. Sec. 2113(c) from subsection
(E) violates the rule against surplusage by rendering superfluous the statutory language
"as determined by the Attorney General." See 42 U.S.C. Sec. 14135a(d)(1). According
to the Government, because the Attorney General has determined that "any offense under
section . . . 2113 of Title 18 " constitutes a "qualifying offense" under the Act, See 28
C.F.R. 28.2(a), excluding 18 U.S.C. Sec. 2113(c) from subsection (E) nullifies the
deference afforded to the Attorney General.    The fatal flaw in this argument is that
agency interpretations are afforded deference only where Congress' intent is ambiguous.
No deference is merited where, as here, Congress' intent is clear. See Chevron, 467 U.S.
at 843-44. As such, the statutory language in question is not rendered superfluous.

6)    18 U.S.C. Sec. 2111 prohibits, "within the . . . maritime and territorial
jurisdiction of the United States," the taking of valuables "by force or violence, or by
intimidation"; 18 U.S.C. Sec. 2112 prohibits the robbery of United States property; 18
U.S.C. Sec .2113(a) prohibits bank robbery "by force and violence, or by intimidation";
18 U.S.C. Sec. 2114 prohibits assault with the intent to steal mail, money, or other
property of the United States; 18 U.S.C. Sec. 2116 proscribes the entering of any United
States mail vehicle "by violence", or the assault of any postal clerk; 18 U.S.C. Sec. 2118
prohibits the taking of controlled substances from persons " by force or violence or

isolation is often clarified by the remainder of the statutory scheme." <u>United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assoc.</u>, 484 U.S. 365, 371 (1988). Therefore, when "interpreting a statute, the court will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute . . . ." <u>Kokoszka v. Belford</u>, 417 U.S. 642, 650 (1974)(internal quotations omitted). Interpreting subsection (E) in the context of the whole statute leads to the ineluctable conclusion that the subsection embraces only violent crimes. The offenses enumerated parenthetically in subsection (E) – save Sec.2113 and (c) – all involve force or violence," as do the crimes enumerated in the other sections of the Act, <u>viz</u>, murder, kidnapping, and maiming. <u>See</u> 42 U.S.C. Sec. 14135a(d)(1)(A)-(G).

Furthermore, the chapter of the United States Code which contains the DNA Act significantly is entitled "Violent Crime Control and Law Enforcement." <u>See</u> 42 U.S.C. ch. 136, Sec. 14135a. Because "the title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute[,]" <u>Almendarez-Trres v. United States</u>, 523 U.S. 224, 234 (1998)(internal quotations omitted), a chapter title that contains the words "violent crime control" usually signals a provision

———————————————

intimidation"; and 18 U.S.C. Sec. 2119 proscribes the taking of motor vehicles from persons "by force or violence or by intimidation."

7)     At oral argument, both parties claimed that the subsequent amendment of DNA Act to include all felonies validated their respective interpretations of the statute. As discussed above, canons of statutory construction reveal Congress' intent not to include within the DNA Act possession of stolen funds. However, even if Congress' intent were somehow ambiguous, we are reluctant to divine Congress' intent from a statute's subsequent history because it is an untrustworthy barometer. <u>See</u> <u>Jefferson County Pharm. Assn. v. Abbott Labs.</u>, 460 U.S. 150, 165 n27 (1983) ("[T]he views of a subsequent Congress from a hazardous basis for inferring the intent of an earlier one.")(quoting <u>United States v. Price</u>, 361 U.S. 304, 313 (1960)).

concerning violent crimes. See id.

Given that the DNA Act appertains to violent crimes, it is illogical to construe subsection (E) as including possession of stolen bank funds. See United States v. Curtis,

245 F. Supp. 2d 512, 517-18 (W.D.N.Y. 2003).

As the conclusion we reach today is directed by Congress' clear intent, we do not address the merits of the Attorney General's interpretation of the DNA Act. See INS v. St. Cyr, 533 U.S. 289, 320 n. 45 (2001) ("We only defer . . . to agency interpretations of statutes that, applying the normal 'tools of statutory construction,' are ambiguous.")(quoting Chevron, 467 U.S. at 843 n.9).

II.

For the foregoing reasons, the Order of the District Court compelling Sarun Cooper to submit a sample of her DNA will be reversed.

### Conclusion

WHEREFORE, Plaintiff Prays for Judgment as follows:

I. Plaintiff seeks relief from this Court in the form of orders: 1) a Mandatory – Permanent Injunction in a form consistent with the Applicable Federal Rules and Statutes that Defendants, and each of them, ( their Agents, Officers, Employees, Attorneys, Servants and Assigns ), be Enjoined and Restrained from continuing , directly or

indirectly, their Unconstitutional Acts and other Wrongful Conduct;   2)   Venue should be moved from the Eastern District Court of California, Sacramento/Fresno Division to the District Court of Columbia.

II.   A Court Order under the Mandamus Act to Command the Attorney General of the United States to conduct a full scale 'Criminal Investigation' into the matters discussed herein and assign the Director of the Federal Bureau of Investigation (FBI) to investigate the 'Criminal Allegations' raised by Plaintiff against Federal Agents, Officers, Judicial Officers, Employees, Attorneys, or Representatives, and each of them.

III.   Defendants, and each of them, be made Accountable for their Unconstitutional Acts and other Wrongful conduct.

Respectfully submitted,

PRINCETON HUMMINGWAY
Plaintiff Pro Se

Dated and Signed this 10 day of June, 2005

Enclosures:

Cc:

## CERTIFICATE OF SERVICE

I Princeton Hummingway, hereby certify that on the 12th day of June, 2005, a copy of the foregoing and attached Plaintiff's ' Petition/Request for Injunctive Relief and Mandatory Injunctive -- Motion for Change of Venue' was served by the U.S. Mail to the persons hereinafter named at the place and address stated below, which is the last known address: Office of the Clerk, United States District Court for the Eastern District of California, 501 'I' Street, Suite 4-200, Sacramento, CA 95814; U.S. Department of Justice – U.S. Attorney's Office ( Eastern California - Sacramento ) Mark L. Krotoski, Assistant U.S. Attorney; 501 'I' Street, Suite 10-100, Sacramento, CA 95814; U.S. Probation's Office ( Eastern California - Sacramento ), Sue Sorum, Chief U.S. Probation Officer, 501 'I' Street, Suite 2500, Sacramento, CA 95814; U.S. Probation's Office (Central California - Los Angeles), Loretta S. Martin, Chief U.S. Probation Officer, 600 U.S. Courthouse, 312 N. Spring Street, Los Angeles, CA 90012-4708; U.S. Department of Justice (D.C.), Theodore B. Olson, Solicitor General of the United States, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20535; Federal Bureau of Investigation (D.C.), Robert Mueller, FBI Director, 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535.


PRINCETON HUMMINGWAY

U.S. DISTRICT COURT
DISTRICT OF COLUMBIA CIRCUIT

JUN 1 7 2005

RECEIVED

CLOSED, JURY, PROSE-NP, TYPE-F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:05-cv-01019-UNA
## Internal Use Only

HUMMINGWAY v. UNITED STATES OF
AMERICA et al
Assigned to: Unassigned
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 05/19/2005
Jury Demand: Plaintiff
Nature of Suit: 555 Prison
Condition
Jurisdiction: U.S. Government
Defendant

**Plaintiff**
**PRINCETON
HUMMINGWAY**

represented by **PRINCETON
HUMMINGWAY**
P.O. Box 341225
Los Angeles, CA 90034
PRO SE

V.

**Defendant**
**UNITED STATES OF
AMERICA**

**Defendant**
**U.S. DEPARTMENT OF
JUSTICE**

**FILED**

JUN 1 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| Date Filed | # | Docket Text |
|---|---|---|
| 05/19/2005 | 1 | COMPLAINT against UNITED STATES OF AMERICA, U.S. DEPARTMENT OF JUSTICE filed |

| | | |
|---|---|---|
| | | by PRINCETON HUMMINGWAY; jury demand; Attachments (bm) (Entered: 05/24/2005) |
| 05/19/2005 | | SUMMONS Not Issued (bm) (Entered: 05/24/2005) |
| 05/19/2005 | 2 | MOTION for Leave to Proceed in forma pauperis by PRINCETON HUMMINGWAY. (bm) (Entered: 05/24/2005) |
| 05/19/2005 | 3 | MEMORANDUM OPINION. Signed by Judge Royce C. Lamberth on 5/13/2005. (bm) (Entered: 05/24/2005) |
| 05/19/2005 | 4 | ORDER granting [2] Motion for Leave to Proceed in forma pauperis; dismissing the complaint without prejudice . Signed by Judge Royce C. Lamberth on 5/13/2005. (bm) (Entered: 05/24/2005) |
| 05/19/2005 | | ***Civil Case Terminated. (bm) (Entered: 05/24/2005) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED

MAY 1 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PRINCETON HUMMINGWAY,          :

        Plaintiff,          :

    v.          :          Civil Action No.

             :          05 1019

UNITED STATES OF AMERICA, *et al.*,          :

        Defendants.          :

FILED

JUN 1 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OPINION**

This matter comes before the Court on consideration of plaintiff's application to proceed

*in forma pauperis* and *pro se* complaint. The Court will grant the application, and dismiss the

complaint.

The Court has reviewed the complaint, keeping in mind that complaints filed by *pro se*

litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines*

*v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the

Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule

8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain

statement of the grounds upon which the court's jurisdiction depends, a short and plain statement

of the claim showing that the pleader is entitled to relief, and a demand for judgment for the

relief the pleader seeks. Fed. R. Civ. P. 8(a).

Plaintiff's complaint utterly fails to set forth a short and plain statement of his claims.

The complaint and exhibits are hundreds of pages long, and largely are incomprehensible.

Although plaintiff's principal claims appear to arise under the Federal Tort Claims Act, the Court

1

cannot determine which claims properly are before the Court. To the extent that plaintiff names government officials as defendants to this action, the complaint fails to include a statement of the grounds upon which the Court's jurisdiction depends. Because the complaint does not comply with Rule 8(a), the Court will dismiss it without prejudice.[1] An Order consistent with this Memorandum Opinion is issued separately.

_United States District Judge_

DATE: 5/17/05

---

[1]     Should plaintiff refile this action, any pleading must comply with Rules 8-10 of the Federal Rules of Civil Procedure.

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PRINCETON HUMMINGWAY,                    :

      Plaintiff,                              :

    v.                                       :          Civil Action No.

UNITED STATES OF AMERICA,  *et al.*,     :

      Defendants.                             :

FILED

MAY 1 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

05 1019

## DISMISSAL ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that plaintiff's application to proceed *in forma pauperis* is GRANTED, and it is

FURTHER ORDERED that the complaint is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

_____
United States District Judge

DATE: 5/13/05